QUEVEDO *v.* THE AMERICAN TRADING COMPANY ET AL.

APPEAL from the District Court of Mayagüez.

No. 867.—Decided December 4, 1912.

FORECLOSURE PROCEEDINGS — STAY OF PROCEEDINGS — JUDICIAL CONVEYANCE — REMEDY BY ORDINARY ACTION—PROMISSORY NOTE.—A executed a mortgage on 20 rural properties in favor of B to secure a debt of 130,000 *pesos* payable in 10 annual instalments of 13,000 *pesos* each, making a promissory note in favor of B for each of said instalments. The defendant company who held

promissory note No. 3 as endorsee instituted foreclosure proceedings to recover the amount of said note and at a public auction in said proceedings bought in six of the mortgaged estates in part payment of their claim, a deed of adjudication thereof being issued to them. The defendant company having taken possession of said six estates, the plaintiff in this case, as holder of promissory note No. 9, instituted the present foreclosure proceedings against said company to recover the amount of said note. During the course of these proceedings the defendant company filed a motion praying that in accordance with subdivision 4 of paragraph 3 of article 175 of the Regulations for the execution of the Mortgage Law the plaintiff be declared without right to proceed against the defendant company to recover the amount of said note or against the six estates adjudicated to said company, because the mortgage which encumbered them to secure such note was canceled by act and right, and that these foreclosure proceedings, including the public auction announced therein, be stayed. *Held:*

1. That although a statement of the case was not filed with the transcript of the record the court examined the documents exhibited by the defendant company in support of its motion to stay the proceedings, and it does not appear therefrom that the defendant company filed a certificate of the registrar showing the cancellation of the mortgage on which the proceedings were based or an authentic copy of the public deed canceling the same.

2. That the documents required by paragraph 3 of article 175 of the Regulations for the execution of the Mortgage Law do not include the deed of adjudication executed in favor of the defendant company, in which deed it is stated that the six estates against which the plaintiff directs her action to recover the amount of note No. 9 had been adjudicated to the defendant company in part payment of their note No. 3.

3. That the documents filed by the defendant company as a basis for a stay of the foreclosure proceedings prosecuted by the plaintiff against it are insufficient for that purpose, and that the party defendant should test such rights as it claims in an ordinary action.

The facts are stated in the opinion.

*Mr. Felipe Casalduc* for appellants.

*Mr. José Benet* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed May 11, 1900, Luis Arán y Lancy acknowledged a debt of 130,000 provincial *pesos* to Braulio Durán and bound himself to pay the same at the rate of 13,000 *pesos* on the 11th day of May of the years 1901 to 1910, with interest at 6 per cent annually and signed a promissory note for each instalment, which notes he secured by creating a voluntary mortgage upon 20 farm properties.

The American Trading Company as indorsee of note No. 3

brought foreclosure proceedings against Francisca Arán as administratrix of the estate of Luis Arán, deceased, to collect the amount of said note and after judgment in its favor bought in at public auction six of the mortgaged properties which were adjudicated to said company in part payment of its claim by a public deed executed February 20, 1908.

Note No. 9, due May 11, 1909, was indorsed by Durán to the order of M. Martínez & Co. and by them to the order of Teodora Quevedo whose successor in interest, Inocencia Quevedo Castellanos, as the owner of the same, brought these foreclosure proceedings against The American Trading Company, which was in possession of the six properties adjudicated to it, in the District Court of Mayagüez to recover the balance due on said note, her total claim being $5,991.61 plus interest and costs amounting to $600.

While these proceedings were in progress, on March 19 of last year, the defendant company moved the Mayagüez court to order the parties to appear and after hearing them, admitting such documents as they might present, to decree that the foreclosure proceedings presented by Inocencia Quevedo Castellanos against The American Trading Company for the recovery of the amount due on said note No. 9 and to subject the six properties adjudicated to the defendants to the payment thereof, be stayed, according to the provisions of paragraph 4 of subsection 3 of article 175 of the General Regulations for the execution of the Mortgage Law, for the reason that the mortgage which encumbered said properties had been canceled in fact and in law, and that pending such decree the court order the suspension of all steps in said proceedings including the vendue which was set for the 22d of said month of March.

As documentary evidence of the alleged cancellation of the mortgage the defendant presented a copy of the deed of sale at public auction executed in favor of The American Trading Company on February 20, 1908, and admitted to

record in the registry of property, showing that the six properties which Inocencia Quevedo Castellanos desired to subject to the payment of her claim had been adjudicated to The American Trading Company for the sum of $4,830, and that Arán remained the debtor of said company for the balance of its claim which the amount for which the properties were sold was not sufficient to cover.

The motion of The American Trading Company was overruled by an order of the 28th of said month of March and in said order it was stated by the lower court that the appearance of the parties to argue the motion took place on March 26, 1912, that counsel for the defendant company offered some documentary evidence which was admitted, and that after a careful examination of the deed presented by The American Trading Company the court is of the opinion that said deed, although considered in connection with the other documents presented in support of the motion, is not a deed of cancellation of the mortgage involved in the proceedings nor can the note No. 9, whose cancellation is sought by the plaintiff, be considered canceled.

Although the record sent up does not contain the statement of the case required by law showing what were the documents presented at the hearing of March 26, 1912, by the defendant in support of its motion, we have examined all the documents certified by the secretary of the lower court as having figured in the transcript of the record, and applying article 175 of the regulations for the execution of the Mortgage Law, have arrived at the conclusion that the order appealed from by The American Trading Company conforms to the law.

According to article 175 of the general regulations for the execution of the Mortgage Law foreclosure proceedings cannot be stayed by means of proceedings in the nature of a demurrer, nor by any other proceedings at the instance of the debtor of the third party in interest, nor at that of any other person presenting himself as an interested party, ex-

cept in the three cases specified, among which the third one is "If a certificate of a registrar is presented, stating that the mortgage on which the proceedings are based is canceled, or an authentic copy of the public instrument of the cancellation of the same, with the note of presentation in one of the registries which is to take cognizance thereof, executed by the claimant, or by his principals or legal representatives, the deed of conveyance, should any be in existence, also being shown by means of a document, in a proper case." In said third case the judge shall order the parties to appear before him four days after the citation; he shall hear the parties, admit the documents they may present and shall render such decision as he may deem proper, in the form of a decree, within two days.

The American Trading Company, both upon making its motion to stay the proceedings and at the hearing on said motion, failed to present a certificate of the registrar stating that the mortgage on which the proceedings were based was canceled or an authentic copy of the public instrument of cancellation of the same, and, therefore, failed to comply with the necessary requisites so that the stay asked for might be decreed.

The appellant alleges that at the hearing it was proven that the mortgage credit of Inocencia Quevedo Castellanos, evidenced by note No. 9, was extinguished as regards the properties adjudicated to The American Trading Company because these properties did not bring sufficient at the auction to cover the amount due on note No. 3 sued for by The American Trading Company; and also because a suit was brought by Teodora Quevedo Castellanos against The American Trading Company praying the court to decree that said mortgaged properties remain subject to the lien of the obligations contracted in notes Nos. 3 and 9 until they should be paid, and that in no case could the lien be canceled as regards note No. 9 as a result of the proceedings brought by The American Trading Company to collect note No. 3, in which suit the

District Court of Mayagüez rendered judgment on February 25, 1909, dismissing the action of Teodora Quevedo Castellanos, which judgment became final on June 21 of the same year.

Such an allegation falls to the ground before the express provision of article 175 of the general regulations for the execution of the Mortgage Law because according to section 13 of the Civil Code when the law is clear and free of all ambiguity the letter of it should not be forsaken under the pretext of complying with its spirit as the appellant here attempts. Its claim cannot prosper for the reason that a stay of foreclosure proceedings can be had only in the three cases specified expressly in article 175 of the general regulations for the execution of the Mortgage Law, and the defendant can ventilate the rights which it claims in the corresponding plenary action, as is provided for in the same article which it invokes in its defense.

For the reasons stated the order appealed from is affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.